# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3054

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Lorenzo Chavez-Bibriesca

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: December 27, 2013
Filed: January 9, 2014
[Unpublished]

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Juan Chavez-Bibriesca brings this direct criminal appeal following imposition of sentence by the district court[1] upon his guilty plea to a drug offense. On appeal,

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

counsel for Chavez-Bibriesca has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), noting that the written plea agreement in this case contains an appeal waiver.

Having carefully reviewed those portions of the record relevant to our de novo determination of whether the appeal waiver is valid, see United States v. Azure, 571 F.3d 769, 772 (8th Cir. 2009) (standard of review), and having reviewed the balance of the record in accordance with our duty under Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude that the appeal waiver should be enforced and the appeal dismissed. Under the written plea agreement, Chavez-Bibriesca waived his rights to appeal or collaterally attack a finding of guilt, and to appeal his sentence. Based upon Chavez-Bibriesca's sworn plea-hearing testimony, we conclude that he entered into the plea agreement with its appeal waiver knowingly and voluntarily. We also find no basis in the record for any direct-appeal challenge under the limited exceptions set out in the appeal waiver. Finally, no miscarriage of justice would result from enforcing the appeal waiver in these circumstances. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result).

Chavez-Bibriesca's counsel's motion to withdraw does not reflect compliance with Part V of the Eighth Circuit's Plan to implement the Criminal Justice Act of 1964. The motion is thus premature.

Accordingly, we dismiss this appeal, and we deny counsel's motion to withdraw as premature.

_____